1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Dominic Surprenant (Bar No. 165861)
2    A. Brooks Gresham (Bar No. 155954)
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
4  Facsimile:  (213) 443-3100
   dominicsurprenant@quinnemanuel.com
5  abrooksgresham@quinnemanuel.com

6  Attorneys for Defendants
   Sprint Nextel Corporation, Nextel
7  Communications, Inc., and
   Sprint Spectrum L.P.

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

| | |
|---|---|
| 12 LARRY LEE, LISA WHITLOCK, RANDY WHITLOCK and SHAHIN SHOKOOFANDEH, on behalf of themselves and all others similarly situated, | Case No. C08-04959-SC |
| | CLASS ACTION |
| | **DEFENDANTS' RENEWED NOTICE OF MOTION AND MOTION TO VACATE ORDER GRANTING APPLICATION OF SCOTT BURSOR TO APPEAR AS COUNSEL *PRO HAC VICE* AND FOR SANCTIONS OR OTHER PUNISHMENT PURSUANT TO LOCAL RULE 11-8;** |
| Plaintiffs, | |
| -against- | |
| SPRINT NEXTEL CORPORATION, SPRINT SPECTRUM, L.P. NEXTEL COMMUNICATIONS, INC., and DOES 1 through 100. | |
| Defendants. | **MEMORANDUM OF POINTS AND AUTHORITIES;** |
| | **DECLARATION OF JOSEPH SARLES;** |
| | **[PROPOSED] ORDER** |
| | Date:  April 30, 2010 Time:  10:00 a.m. Courtroom: 1, 17th Floor Judge: The Honorable Samuel Conti (ORAL ARGUMENT REQUESTED) |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO VACATE ORDER GRANTING APPLICATION OF SCOTT BURSOR TO APPEAR PRO HAC VICE

**NOTICE OF MOTION AND MOTION TO DISQUALIFY AND FOR SANCTIONS:**

PLEASE TAKE NOTICE that on April 30, 2010 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 1 of the above captioned court located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Sprint Spectrum L.P. and Nextel Communications, Inc. (collectively, "Sprint"), will and hereby do renew their motion to vacate the Court's November 7, 2008 order granting Scott Bursor's application to appear as counsel *pro hac vice* pursuant to Local Rule 11-3(b) on the grounds that Mr. Bursor is regularly engaged in the practice of law in the State of California and/or was so engaged when his application was granted. Additionally, Sprint will and hereby does request that the Court impose sanctions or other punishment pursuant to Local Rule 11-8 on the grounds that Mr. Bursor exercised the privileges of membership in the bar of this Court when he was not entitled to do so. Sprint is renewing this motion because it was originally brought on December 23, 2008, but has not been heard because this action was stayed between January 23, 2009 and March 1, 2010.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the pleadings and papers on file in this action, the declarations and evidence filed with this motion and such other evidence that may be judicially noticed or provided at the hearing.

DATED: March 26, 2010

QUINN EMANUEL URQUHART & SULLIVAN. LLP

By _____

Dominic Surprenant
Attorneys for Defendants
Sprint Spectrum L.P. and
Nextel Communications. Inc.

-i-

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

The Court should vacate its November 7, 2008 order granting Scott Bursor's motion to appear *pro hac vice* in this action.[1]  At the time of his application, Mr. Bursor was regularly engaged in the practice of law in California and therefore ineligible for *pro hac vice* admission in this Court.  Mr. Bursor intentionally deceived this Court and perjured himself in his application.

This is not the first time Mr. Bursor has attempted to evade a court's *pro hac vice* rules.  In March of 2008, the Alameda County Superior Court determined that Mr. Bursor was engaged in the unauthorized practice of law in California, and noted that Mr. Bursor "could theoretically be charged [with] a misdemeanor" for his conduct.[2]  Moreover, the court specifically found that "[a]s of February 2008, Mr. Bursor is regularly employed in the State of California and is regularly engaged in substantial business, professional, or other activities in the State of California."  Order at 7:1-4 (Sarles Decl. Ex. A).  The Superior Court further held at that time that "Mr. Bursor is representing clients in 11 class actions, each of which is a substantial case."  *Id.*

Although the Alameda Superior Court ultimately decided to admit Mr. Bursor Bursor *nunc pro tunc* in order to protect the class of persons he had been improperly representing (because he had "already participated extensively" in those cases and two

---

[1]   Sprint originally brought this motion in December 2008, immediately after learning that Mr. Bursor had applied for and received *pro hac vice* admission in this action.  Before that motion could be heard, this action was stayed pending resolution of a nationwide settlement.  Pursuant to the Court's January 23, 2009 order, Sprint is now renewing this motion to the extent Mr. Bursor intends to continue litigating this case.

[2]   *See* Order dated March 3, 2008, Superior Court of California, County of Alameda, JCCP 4332 ("Order") at 9:17-18 (Declaration of Joseph C. Sarles, filed concurrently ("Sarles Decl."), at Exh. A); *see also generally* Sprint Defendants' Notice of Motion to Prohibit Scott A Bursor from the Continued Unauthorized Practice of Law, dated February 13, 2008 (Sarles Decl. Ex. B).

1 | trials were imminent at that time), (Order at 10:15-17 (Sarles Decl. Ex. A)), there are no

2 | such concerns present here.

3 |      Notwithstanding Mr. Bursor's near disqualification in Alameda Superior Court,

4 | Mr. Bursor continued to act as lead trial counsel in <u>two</u> class action jury trials in California

5 | state court, continued his role in all 11 class actions, and on October 29, 2008, filed this

6 | putative national class action—at least his twelfth class action in California since 2003, all

7 | without obtaining California Bar membership or complying with its admission and practice

8 | requirements.  In 2008, Mr. Bursor even maintained a residence in San Francisco in order

9 | to further his California law practice.

10 |      Mr. Bursor clearly knew he was not eligible for admission under *Local Rule* 11-3(b)

11 | when he submitted his application for admission to this Court.  Sprint submits that he

12 | deliberately withheld from this Court the true extent of his California practice and contacts,

13 | and deliberately failed to serve Sprint with his *pro hac vice* application in order to avoid

14 | opposition to it.  His admission should be vacated.  Moreover, the Court is empowered to

15 | issue sanctions "or other punishment, including a finding of contempt" when a person

16 | exercises "any of the privileges of membership in the bar of this Court, when that person is

17 | not entitled to [so] avail themselves."  *Local Rule* 11-8.  Sprint respectfully requests that

18 | the Court exercise its power and sanction Mr. Bursor here.  His false application was not a

19 | mistake.  It is part of a pattern of deception related to his practice of law in California.  He

20 | clearly has not yet learned his lesson.

1

2    **Argument**

3    I.    **MR. BURSOR IS NOT ELIGIBLE FOR *PRO HAC VICE* ADMISSION**

4    **BECAUSE AT THE TIME HE MADE HIS APPLICATION HE WAS**

5    **REGULARLY ENGAGED IN THE PRACTICE OF LAW IN CALIFORNIA.**

6    Mr. Bursor litigates more in California than many members of the California bar.[3]

7    As described by Judge Bonnie Sabraw in a coordinated proceeding pending in state court,

8    Mr. Bursor "represent[s] 11 separate sets of named plaintiffs in 11 separate cases that

9    might have 11 separate class definitions," and he "has played a central role in *all* of the

10   coordinated cases."  Order at 3:13-16 (Sarles Decl. Ex. A).  He has actively litigated these

11   cases, including two extensive jury trials, numerous depositions and hearings, and

12   extensive motion practice.  *See* Sprint's February 13, 2008 Motion at 12-13 (Sarles Decl.

13   Ex. B).  It is no surprise that based on this activity, the Superior Court concluded that "Mr.

14   Bursor is currently engaged in substantial business in California."  Order at 10:9-11 (Sarles

15   Decl. Ex. A).

16   Local Rule 11-3 provides that an attorney is disqualified from *pro hac vice*

17   admission if he "is regularly engaged in the practice of law in the State of California."

18   Here, the question is not close.  This case is similar to *Guguni v. Chertoff*, 2008 WL

19   2080788 (N.D. Cal., May 14, 2008), with the exception of Mr. Bursor's far-more-egregious

20   conduct.  In that case, Chief Magistrate Judge Larson vacated the *pro hac vice* admission

21   of Bruce Wong because Mr. Wong "failed to disclose that he resides in California and

22   _____

23   [3]   His cases since 2003 include *Montes-Pack v. SBC Comm'ns* (03-CV-00430) (Northern
     District of California, January 31, 2003); *Meoli v. Viva Wireless, AT&T Wireless PCS, LLC, et al*
24   (RG03-086113) (Alameda County Court, March 12, 2003); *Boyd v. Global Vision Products, Inc.*
     (RG03-091195) (Alameda County Court, April 11, 2003); *Zill v. Sprint* (RG03-114147) (Alameda
25   County Court, August 28, 2003); *Lyons v. Nextel* (RG03-114214) (Alameda County Court, August
     28, 2003); *Mendoza v. Cingular* (RG03-114152) (Alameda County Court, August 28, 2003);
26   *Nguyen v. Cellco* (RG04-137699) (Alameda County Court, January 23, 2004); *Advanced Systems
     v. Cellco dba Verizon* (RG04-137703) (Alameda County Court, January 23, 2004); *Nguyen v. T-*
27   *Mobile* (RG04-139536) ) (Alameda County Court, February 4, 2004).

28

1   regularly practices law here."  *Id.* at *1.  The Court found that Mr. Wong "regularly

2   practices law" in California in violation of Local Rule 11-3(b) because Mr. Wong had

3   appeared before the Court in five other cases.  *Id.*.  At the time of his application, Mr.

4   Bursor was acting as lead counsel in no less than 11 cases in California.  Like Mr. Wong,

5   Mr. Bursor failed to disclose his substantial California law practice to this Court, and his

6   *pro hac vice* admission should also be vacated.

7        Other courts have come to similar conclusions.  "Admission *pro hac vice* is by

8   definition, at most, admission for a single proceeding."  *Prescia v. Long Island R. Co.*,

9   2008 WL 4596201, at *1 (E.D.N.Y., Oct. 14, 2008) (quoting *In re Rappaport*, 558 F.2d 87,

10   88 n.1 (2d Cir. 1977)).  In *Prescia*, the Court denied admission based on the applicant's

11   prior *pro hac vice* admissions, both in the Eastern District and other districts and noted that

12   *pro hac vice* admissions could not be requested "on a routine basis."  *Id.*  It cannot be

13   disputed that Mr. Bursor "routinely" requests *pro hac vice* admission in California, while

14   evading the requirements of membership in the California bar.  His abuse of *pro hac vice*

15   admissions cannot be allowed to continue.

16        As Judge Sabraw found, Mr. Bursor previously engaged in the unauthorized

17   practice of law in California for four years.  In determining whether to admit an applicant,

18   "a Court may take into account whether the attorney proposed for admission *pro hac vice*

19   has acted in compliance with all applicable laws and rules governing the practice of law in

20   this and other jurisdictions . . . ."  *Ramirez v. England*, 320 F. Supp. 2d 368, 376 (D. Md.

21   2004) (denying admission because applicant was "engaged in the unauthorized practice of

22   law").  Whether his four-year unauthorized practice of law was an "oversight," or not, it

23   was no oversight when Mr. Bursor failed to disclose any of these facts to this Court in

24   requesting yet another *pro hac vice* admission.  And it was no mistake that Mr. Bursor

25   chose not to serve Sprint with his application.

26

27

28

1

## II.   MR. BURSOR IS ALSO DISQUALIFIED FROM *PRO HAC VICE* ADMISSION BECAUSE WHEN HE MADE HIS APPLICATION, HE HAD MAINTAINED A RESIDENCE IN CALIFORNIA FOR OVER ONE YEAR.

Local Rule 11-3(b) also disqualifies from eligibility any applicant who "resides in the State of California" and has done so for more than one year.  Mr. Bursor began renting an apartment in San Francisco in June of 2007—an unsurprising fact given his extensive California case load.  In its March 3, 2008 Order, Judge Sabraw concluded that "in mid-June 2007 Mr. Bursor started renting an apartment in San Francisco and continues to rent that apartment on a month-to-month basis."  Order at 1:27 to 2:8 (Sarles Decl. Ex. A) (citing a declaration from Mr. Bursor).  After that time, Mr. Bursor, while continuing to maintain this residence, conducted two class action trials in San Francisco, negotiated several nationwide settlements in California Superior Court, and continued to act as lead counsel in the above-referenced cases.

Under the relevant case law, Mr. Bursor is "domiciled" in New York.  That is where his home is; however, at the time he made his *pro hac vice* application he also maintained what the law regards as a "residence" in California.  *See Smith v. Smith* (1955) 45 Cal. 2d 235, 239-240.  There, the California Supreme Court held that "'residence' connotes any factual place of abode *of some permanency, more than a mere temporary sojourn . . .* a person may have only one domicile at a given time, *but he may have more than one physical residence separate from his domicile, and at the same time*" (emphasis added).

Mr. Bursor's "office apartment" was his residence in California for more than a year while he engaged in extensive, years-long litigation in California.  That is no "mere temporary sojourn" but a "place of abode of some permanency."  At the time his application was made, Mr. Bursor's residence in California thus also barred him from admission *pro hac vice* under the plain language of Local Rule 11-3(b).

1    **III.    MR. BURSOR SHOULD BE SANCTIONED PURSUANT TO LOCAL RULE**

2    **11-8 FOR FALSELY REPRESENTING TO THIS COURT THAT HE WAS**

3    **ELIGIBLE FOR *PRO HAC VICE* ADMISSION**

4    Mr. Bursor's conduct before this Court is uniquely brazen in that just a few months

5    before he made his *pro hac vice* application, a California court held that he had continually

6    engaged in the unauthorized practice of law in California for over four years, and that he

7    was, as of February 2008, "regularly employed in the State of California" and "regularly

8    engaged in substantial business" here.  The court's findings placed Mr. Bursor on plain

9    notice that he was not eligible for further *pro hac vice* admissions in this or any court in

10   California.  Far from acknowledging these facts, Mr. Bursor deliberately hid them from

11   this Court, and swore under oath that he was eligible for *pro hac vice* admission in this

12   Court.  Under Local Rule 11-3(b), he clearly was not.

13   Pursuant to Local Rule 11-8 and this Court's inherent powers, Mr. Bursor should be

14   sanctioned for his violation of Local Rules and refusal to be forthcoming with this Court.

15   At the very least, Sprint requests that Mr. Bursor be ordered to pay Sprint's fees incurred in

16   bringing his deceptive conduct to the Court's attention.

17

18   Respectfully submitted,

19

20   DATED: March 26, 2010          QUINN EMANUEL URQUHART &
                                     SULLIVAN. LLP
21

22

23                           By _____
                                Dominic Surprenant
24                              Attorneys for Defendants
                                Nextel Communications, Inc., Nextel of
25                              California, Inc., Sprint Spectrum L.P. and
                                Wirelessco. L.P.
26

27

28