UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LEE, LISA WHITLOCK, RANDY WHITLOCK, and SHAHIN SHOKOOFANDEH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT NEXTEL CORPORATION, SPRINT SPECTRUM, L.P., NEXTEL COMMUNICATIONS, INC., and DOES 1 through 100,<br><br>Defendants. | No. 08-4959 SC<br><br>ORDER GRANTING MOTION TO DISMISS |

I. **INTRODUCTION**

Defendants Sprint Nextel Corporation, Sprint Spectrum, L.P., and Nextel Communications, Inc. (collectively, "Defendants") move the Court to dismiss this action. Docket No. 34 ("MTD"). Plaintiffs Larry Lee, Lisa Whitlock, Randy Whitlock, and Shahin Shokoofandeh (collectively, "Plaintiffs") filed an Opposition and Defendants submitted a Reply. Docket Nos. 38, 40. For the reasons stated herein, the Court GRANTS the Motion to Dismiss.[1]

---

[1] Defendants also filed a Motion to Vacate Pro Hac Vice Admission of Scott Bursor. Docket No. 36 ("Motion to Vacate"). Because the Court grants Defendants' Motion to Dismiss, the Court DENIES Defendants' Motion to Vacate as moot.

## II. BACKGROUND

On October 29, 2008, Plaintiffs filed a Class Action Complaint against Defendants. Docket No. 1 ("Compl."). Plaintiffs are California residents who challenge the early termination fees ("ETFs") charged by Sprint Nextel Corporation and related companies. Id. ¶¶ 1, 21-28. Plaintiffs seek relief on behalf of the following putative class:

> All persons in the United States who had a wireless telephone personal account with Sprint Nextel (or a Sprint Nextel legacy company) and were charged an early termination fee within the relevant limitations period, *excluding* such persons who are members of the certified class in *Ayyad v. Sprint Spectrum, L.P.*, Case No. RG03-121510 (Superior Court of California, County of Alameda) and have not opted out of such certified class.

Id. ¶ 8.

On January 23, 2009, the Court stayed this action until the settlement process could be completed in Larson v. Sprint Nextel Corp., No. 07-5325 (hereinafter, "Larson"), a case that was pending before Judge Jose L. Linares in the United States District Court for the District of New Jersey. Docket No. 26. On March 1, 2010, the Court lifted the stay. Docket No. 33. Shortly thereafter, Defendants filed their Motion to Dismiss.

## III. LEGAL STANDARD

Courts can dismiss a party's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) where the claims are barred by principles of res judicata. SLR Partners, LLC v. B. Braun Medical Inc., No. 09-1145, 2010 WL 330088, at *1 (S.D. Cal. Jan. 20,

2

1  2010). Federal law governs the preclusive effect of a federal
2  case decided by a federal court. <u>Firemans' Fund Ins. Co. v. Int'l</u>
3  <u>Market Place</u>, 773 F. 2d 1068, 1069 (9th Cir. 1985); <u>In re Kaplan</u>,
4  143 F.3d 807, 814-15 (3d Cir. 1998). Res judicata, also known as
5  claim preclusion, "'applies when there is (1) an identity of
6  claims; (2) a final judgment on the merits; and (3) identity or
7  privity between the parties.'" <u>Cell Therapeutics, Inc. v. Lash</u>
8  <u>Group, Inc.</u>, 586 F.3d 1204, 1212 (9th Cir. 2009) (quoting <u>Stewart</u>
9  <u>v. U.S. Bancorp</u>, 297 F.3d 953, 956 (9th Cir. 2002).

## IV. DISCUSSION

Plaintiffs do not dispute that the claims in this case are the same as in the <u>Larson</u> action, that they were parties to the <u>Larson</u> settlement, or that there was a Final Judgment in <u>Larson</u>. Instead, they contend that this Court must determine the res judicata effect of the <u>Larson</u> judgment, and they seek to collaterally attack it. Opp'n at 1-2. Plaintiffs contend that notice was inadequate in <u>Larson</u>, and that the members of the class pleaded in this action were not adequately represented in the <u>Larson</u> action. Opp'n at 5-10.

### 1. Limited Collateral Review

"Limited collateral review . . . [is] appropriate . . . to consider whether the procedures in the prior litigation afforded the party against whom the earlier judgment is asserted 'a full and fair opportunity' to litigate the claim or issue." <u>Epstein v. MCA, Inc.</u>, 179 F.3d 641, 648-49 (9th Cir. 1999) (quoting <u>Kremer v. Chemical Construction Corp.</u>, 456 U.S. 461, 480 (1982)). This

3

review does not include reconsideration of the merits of the claim or issue. Epstein, 179 F.3d at 649. Where there are no explicit findings as to adequacy of representation by the certifying court, a second court can review the judgment to determine whether it satisfies due process as to the claims at issue in the second case. Hesse v. Sprint Corp., 598 F.3d 581, 588-89 (9th Cir. 2010).

### 2. The Larson Action

On February 16, 2010, Judge Linares entered a Final Judgment in the Larson action. Docket No. 34-1 ("Request for Judicial Notice") Ex. 1 ("Final Judgment").[2] The Larson court certified the following nationwide class for settlement purposes:

> All persons in the United States who are or were parties to a personal fixed-term subscriber agreement for a Sprint Nextel Wireless Service Account for personal or mixed business/personal use, whether on the Sprint CDMA network or Nextel iDen network, or both, . . . entered into between July 1, 1999 and December 31, 2008 and whose claims relate in any way to an Early Termination Fee or use of an Early Termination Fee in a fixed-term subscriber agreement . . . , excluding only the *Ayyad* Class Claims and Persons whose right to sue Sprint Nextel as a Settlement Class Member is otherwise barred by a prior settlement agreement and/or prior final adjudication on the merits. . . .

---

[2] Defendants request the Court to take judicial notice of the Final Judgment and the Settlement Agreement in Larson. The Court may take judicial notice of documents that bear on whether plaintiffs are barred from proceeding with this case. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); SLR Partners, 2010 WL 330088 at *3. The Court GRANTS Defendants' Request for Judicial Notice. The Court also takes judicial notice of other entries on the Larson docket.

4

Final Judgment ¶ 6.  The Final Judgment expressly incorporated a Settlement Agreement, id. ¶ 4, and the Settlement Agreement identifies this case as a "Related Claim."  See Request for Judicial Notice Ex. 2 ("Settlement Agreement") at 17-18.  It provides that "[t]his Settlement Agreement may be pleaded by Sprint Nextel as a bar to all, or any relevant portion, of any action or Related Claim pending or filed by a Settlement Class Member concerning, relating to or arising out of the Class Released Claims, including any ETF-Related Claims."  Id. at 50.

### 3. Adequate Notice

Plaintiffs contend that the notice in Larson was inadequate because it conflicted with prior notices issued by a California state court, because Judge Linares refused to consider evidence that 4.1 million class members could have been identified and provided individual notice at a relatively modest cost, and because the Larson notice contained false information.  Opp'n at 6-9.

Judge Linares made explicit findings as to adequacy of notice.  Indeed, the order granting final approval to the settlement agreement devotes fourteen pages to notice-related issues.  See Plutzik Decl. Ex. H ("Jan. 15, 2010 Order") at 9-23.[3] Judge Linares held four days of hearings from March 12, 2009 to March 17, 2009 to address objections to the settlement.  See Plutzik Decl. Ex. L ("Apr. 30, 2009 Order") at 2.

Scott Bursor, one of the attorneys for Plaintiffs in this

---

[3] Alan R. Plutzik, attorney for Plaintiffs, filed a Declaration in Support of Plaintiff's Opposition.  Docket No. 39.

5

case, represented some objectors in the Larson action. In response to objections, the court in Larson revised the notice plan to ensure that individual notice was sent to members of the payer class in Robertson v. Nextel Communications, Inc.[4] Id. at 8-10. The Court required Sprint to identify subclasses of individuals who could receive individual notice. Id. at 10-16. The Court also found the bill insert deficient, and required Sprint and Class counsel to design a more robust individual notice program. Id. at 16-20.

A proposed Amended Notice Plan was submitted on May 21, 2009, and the court approved it on June 2, 2009. See Larson Docket Nos. 340, 344. Under the Amended Plan, individual notice was to be provided to 194,461 members of the Robertson class. See Jan. 15, 2010 Order at 16. The Amended Plan provided for individual notice to thousands of other class members, see id at 16-17, a new two-sided bill insert into current Sprint customer bills, see id. at 21, and notice by publication, see id. at 11-15.

In response, class members objected that the individual notice component of the Amended Notice Plan remained deficient. See id. at 16. The Court considered and rejected the argument that Sprint failed to provide individual notice to millions of class members who could be easily identified. Id. at 17-18. In a January 4, 2010 letter, Mr. Bursor argued that Sprint could have identified four million class members at a maximum cost of

---

[4] This case was part of the California Judicial Council Coordinated Proceeding ("JCCP') denominated Alameda County "Cellphone Termination Fee Cases," JCCP No. 4332.

6

$100,000, or 2.4 cents per class member. See Larson Docket No. 433. The Court considered this letter, see Jan. 15, 2010 Order at 18 n.17, but did not revisit its finding that the notice provided to individual class members was sufficient under the federal rules, id. at 18.

The Larson court also considered and rejected objections that the notice provided false information, or that it was inaccurate in light of a California court's finding of illegality. See id. at 14 nn. 11-13. The Larson court concluded that the Amended Notice Plan complied with the stringent requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e). Id. at 22-23. Having reviewed the procedures followed in Larson, this Court finds they afforded Plaintiffs a full and fair opportunity to litigate the issue of adequacy of notice.

In their Opposition, Plaintiffs also argue that the Larson notice conflicted with prior notices issued by California state courts. Opp'n at 6. However, based on Judge Linares' thorough responses to objections, it is clear that Plaintiffs had a full and fair opportunity to raise this argument in the Larson action. This Court will not disturb or revisit Judge Linares' findings regarding adequacy of notice.

**4. Adequate Representation**

Plaintiffs contend that there was inadequate representation in the Larson action because the action was not vigorously prosecuted and it settled in record time. Opp'n at 5. Judge Linares considered objections related to adequacy of representation before explicitly finding that "the named

7

Plaintiffs are capable of fairly and adequately representing the interests of the Class in connection with the proposed settlement." Jan. 15, 2010 Order at 8-9. The Court cannot, and will not, revisit this finding.

Plaintiffs also contend they were not adequately represented in the Larson action because the Larson class representatives consisted of Sprint subscribers, and did not include subscribers charged an ETF by Nextel. Opp'n at 5-6. According to Plaintiffs' Complaint, Sprint and Nextel merged in August 2005 to form Sprint Nextel. Compl. ¶ 42.

The Larson court made no explicit finding that the class representatives in Larson were adequate representatives of subscribers subject to an ETF by Nextel. However, implicit in his determination that "the named Plaintiffs are capable of fairly and adequately representing the interests of the Class" is a finding that the named Plaintiffs were adequate representatives of Nextel subscribers. This is because the Larson settlement class includes all members of the putative class in this case, including Nextel subscribers.

The putative class here consists of persons with accounts with "Sprint Nextel (or a Sprint Nextel legacy company) . . . [who] were charged an early termination fee within the relevant limitations period. . . ." Compl. ¶ 8. The settlement class in Larson consists of parties to a subscriber agreement for a Sprint Nextel Wireless Service Account "whether on the Sprint CDMA network or Nextel iDen network, or both, . . . entered into between July 1, 1999 and December 31, 2008." Final Judgment ¶ 6.

8

The class period in Larson, which predates the merger of Sprint and Nextel in 2005, indicates that the class includes Nextel subscribers. Defendants contend it is undisputed that the class in this case is included in the Larson settlement class. Reply at 5. Having carefully reviewed Plaintiffs' Opposition, and the class definitions, the Court finds nothing that suggests otherwise.

A number of other considerations support this Court's determination that Judge Linares implicitly found the Larson Plaintiffs to be adequate representatives of Nextel subscribers. First, in response to objections raised in the Larson proceedings, the notice plan was revised to provide individual notice to 194,461 members of the class in Robertson v. Nextel Commmunications, Inc. See Jan. 15, 2010 Order at 15-16. This revision shows the interests of Nextel subscribers were raised and addressed in the Larson action.

Second, counsel for the California Nextel class in Robertson, and counsel for Plaintiffs in this case, sought attorneys' fees in Larson based on their contention that their work in Robertson and in this case conferred a benefit on the Larson class. Id. at 60-65. Although Judge Linares denied their fee request, the mere fact that they sought an award indicates that members of the class in this case, including Nextel subscribers, were adequately represented in the Larson proceedings.

It is also worth noting that the class representatives in this case were not subscribers charged an ETF by Nextel. See Compl. ¶¶ 21-24. Instead, Larry Lee, Lisa Whitlock, Randy

9

1  Whitlock, and Shahin Shokoofandeh were charged an ETF by Sprint
2  Nextel.  See id.  The Complaint states they will fairly and
3  adequately represent and protect the interests of the class.  Id.
4  ¶ 14.  Since the Complaint in this case does not name any Nextel
5  subscribers as class representatives, counsel for Plaintiffs would
6  appear to be operating under a double standard when they attack
7  Larson on the same basis.
8      The Court will not disturb or revisit Judge Linares' finding
9  that the named Plaintiffs in Larson were capable of fairly and
10 adequately representing the interests of the class; a class which
11 included the putative class members of this case.  Having reviewed
12 the procedures followed in Larson, this Court finds they afforded
13 Plaintiffs a full and fair opportunity to litigate the issue of
14 adequate representation.
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

10

**V.      CONCLUSION**

The Court is satisfied that putative class members in this case received the requisite notice, opportunity to be heard, and adequate representation in the <u>Larson</u> action.  As noted by Judge Linares, this case is listed in the <u>Larson</u> Settlement as a Related Claim, and is therefore "settled and released by way of the Settlement Agreement."  Jan. 15, 2010 Order at 62-63.  The <u>Larson</u> settlement precludes this case from going forward.  The Court GRANTS Defendants' Motion to Dismiss.  This case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: May 6, 2010

UNITED STATES DISTRICT JUDGE

11